THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMY LEE RUTLEDGE, SR., Defendant-Appellant.

Third District   No. 3—92—1013

Opinion filed February 15, 1994.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Danner, State's Attorney, of Lewistown (John X. Breslin and

Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, Tommy Lee Rutledge, Sr., was convicted of perjury (Ill. Rev. Stat. 1991, ch. 38, par. 32—2). He was later sentenced to four years' imprisonment. He appeals, and for reasons which follow, we reverse.

On August 13, 1990, Rutledge was indicted for perjury. It was alleged that he had made a false statement under oath at a suppression hearing in Fulton County when he denied that he possessed cocaine on December 1, 1989.

Prior to trial, the defense moved to dismiss the charge because Rutledge's false statement was not material to the issue at the suppression hearing. The trial court denied Rutledge's motion. The court found Rutledge's statement was material since it bore upon his credibility.

The cause proceeded to a bench trial on August 16, 1991. The parties stipulated that the defendant had testified under oath at the suppression hearing and that People's exhibit No. 1 contained six-tenths of a gram of cocaine. The court also admitted People's exhibit No. 2, a transcript of the defendant's testimony at the suppression hearing. The transcript showed the defendant testified that he did not possess any cocaine at the time he was searched during the early morning hours of December 1, 1989. The court granted the motion to suppress after determining that the defendant had been illegally searched.

At the perjury trial, the State's evidence showed that around 12:15 a.m. on December 1, 1989, Fulton County Deputy Sheriff Timothy Stanessa stopped a vehicle in which Rutledge was a passenger. The driver, Brian McCormick, failed various field sobriety tests and was placed under arrest. Ultimately, Deputy Stanessa discovered that Rutledge had what appeared to be a cup containing an alcoholic beverage. Stanessa then conducted a brief pat-down search of Rutledge for weapons. No weapons were found.

Subsequently, Astoria Police Chief Larry Phillips and Vermont Police Chief Pat Ford arrived on the scene as back-up. Chief Ford patted down Rutledge again and removed several objects, including a small package of cocaine (People's exhibit No. 1), from the defendant's pockets.

Rutledge testified he had heard Police Chief Ford was out to get him. He also stated he had never seen the bag of cocaine in question before and that he had told the truth during the suppression hearing.

Rutledge noted he sat in the car for 10 to 15 minutes while Brian McCormick took the field sobriety test. As a result, Rutledge said he had ample opportunity to get rid of the cocaine if he had possessed it. Also, Rutledge stated that Deputy Stanessa, not Chief Ford, removed objects from his pockets.

The court found Rutledge guilty of perjury. A hearing on Rutledge's motion for a new trial was conducted on May 15, 1992. Among other things, defense counsel argued again that the defendant was not guilty of perjury because his denial that he possessed cocaine, if false, was not material to the issue at the suppression hearing. The trial judge, in denying the motion, said he still believed the defendant's false testimony was material to the issue at the suppression hearing. However, the judge also acknowledged that Rutledge's testimony did not affect his ruling on the suppression motion. Nevertheless, the judge noted that the false statement was given under oath. On December 23, 1992, Rutledge was sentenced to a four-year term of imprisonment.

In order to establish a perjury charge, the State must demonstrate that the defendant not only made a false statement, but that the false statement was material to the issue in question and that the defendant did not believe the statement to be true. *(People v. Olinger* (1993), 245 Ill. App. 3d 903, 615 N.E.2d 794.) The test for the determination of materiality in a perjury prosecution is whether the false testimony has a "natural tendency to influence the trier of fact" on the issue or point in question. *(People v. Powell* (1987), 160 Ill. App. 3d 689, 694, 513 N.E.2d 1162, 1165.) In other words, materiality exists if the statement "would or could influence the trier of fact in its deliberations on the issues presented to it." *(People v. Powell* (1987), 160 Ill. App. 3d 689, 694, 513 N.E.2d 1162, 1165.) The determination of materiality involves the relationship between an allegedly false statement and the nature of the proceedings at which it is made. *(Powell*, 160 Ill. App. 3d at 695, 513 N.E.2d at 1166.) The issue at a suppression hearing is the legality of the police conduct and not the guilt of the defendant. See *Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684.

In the instant case, we find that Rutledge's statement concerning the existence of cocaine in his pocket on December 1, 1989, neither would nor could influence a trier of fact at a suppression hearing. The issue at the suppression hearing was whether the police violated the defendant's fourth amendment rights by subjecting him to an illegal search. Therefore, whether Rutledge was lying or telling the truth about his possession of cocaine was immaterial at that hearing.

The trial judge conceded as much when he acknowledged that Rutledge's testimony did not affect his ruling on the suppression motion. Accordingly, we reverse Rutledge's conviction for perjury.

For the reasons indicated, the judgment of the circuit court of Fulton County is reversed.

Reversed.

STOUDER and LYTTON, JJ., concur.